IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LUIS DE JESUS SALAZAR CASTANEDA | * |
| 8757 Georgia Avenue, Suite 400 | * |
| Silver Spring, Maryland 20910 | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *          Case No. _____ |
| | * |
| ELITE FRAMING, LLC | * |
| 6025 Ducketts Lane | * |
| Elkridge, Maryland 21075 | * |
| | * |
| SERVE:  Douglas Flores | * |
| 6025 Ducketts Lane | * |
| Elkridge, Maryland 21075 | * |
| | * |
| And | * |
| | * |
| DOUGLAS FLORES | * |
| 6025 Ducketts Lane | * |
| Elkridge, Maryland 21075 | * |
| | * |
| Defendants. | * |

*******************************************************************************

## COMPLAINT

Plaintiff Luis De Jesus Salazar Castaneda a/k/a "Jhonky" a/k/a "Moreno" ("Plaintiff"), by and through undersigned counsel, files suit against Defendants Elite Framing, LLC ("EF") and its primary owner and managing member, Douglas Flores ("Flores") (together, "Defendants"), and herein seeks recovery of unpaid wages, statutory damages, costs, and attorney's fees against Defendants, jointly and severally, for violations of the Federal Fair Labor Standards Act ("FLSA") Maryland law as set forth below.

## PARTIES AND JURISDICTION

1.      Plaintiff is an adult resident of the State of Maryland.

2.      Plaintiff's employment duties performed for the benefit of Defendants giving rise to the relief sought in this action occurred substantially within the State of Maryland.

3.      EF is a limited liability company, formed under the laws of the State of Maryland, operating out of a principal office within Howard County, Maryland.

4.      During the period relevant to this action, Defendants had gross annual revenues exceeding $500,000.00.

5.      During the period relevant to this action, Defendants engaged in ongoing business operations in Maryland and also in nearby states including, but not limited to, Pennsylvania, Delaware, and New Jersey.

6.      During the period relevant to this action, Defendants used tools and materials in its business operation that passed across state lines in interstate commerce.

7.      During the period relevant to this action, Plaintiff (and other employees of Defendants) regularly performed duties for Defendants in Maryland and in nearby states including, but not limited to, Pennsylvania, Delaware, and New Jersey.

8.      During the period relevant to this action, Plaintiff (and other employees of Defendants) regularly used tools and materials in the performance of their job duties for Defendants that passed across state lines in interstate commerce.

9.      Flores is, on information and belief, an adult resident of Howard County, Maryland.

10.      At all times relevant, Flores was the primary owner and managing member of EF.

11.      At all times relevant, Flores was the individual primarily responsible for administering and controlling the day-to-day operations of EF.

12.      At all times relevant, Flores was Plaintiff's most senior manager and supervisor.

2

13.     At all times relevant, Flores was the individual that set and supervised Plaintiff's work duties and work schedules.

14.     At all times relevant, Flores was the individual that set Plaintiff's rate and method of compensation and had the power and authority to modify Plaintiff's rate and method of compensation.

15.     At all times relevant, Flores had the power and authority to hire, fire, and otherwise subject Plaintiff to workplace discipline.

16.     At all times relevant, Flores was the individual in charge of keeping and maintaining all employment records related to Plaintiff.

17.     At all times, Defendants, together, qualified as Plaintiff's "employers" and Plaintiff was Defendants' "employee" with rights, protections, and privileges under the FLSA and also under the Maryland Wage Hour Law ("MWHL") and the Maryland Wage Payment Collection Law ("MWPCL").

18.     This Court has Subject Matter Jurisdiction over Plaintiff's claims and this action because Plaintiff's claims against Defendant raise a Federal Question and arise under a Federal Statute, the FLSA.

19.     This Court properly confers Supplemental Jurisdiction over Plaintiff's Maryland State Law claims as these claims arising from the same transactions and occurrences as Plaintiff's FLSA claims.

20.     Pursuant to the foregoing, Jurisdiction and Venue are proper in the United States District Court for the District of Maryland.

## FACTS

21.     Plaintiff was employed by Defendants to perform framing, installation, and duties in Maryland and in surrounding states for the period of about March 2021 through about February 4, 2022.

22.     For the period of about March 2021, through about Mid-October 2021, Plaintiff customarily worked six (6) days per week (Monday through Saturday) and about 2 Sundays per month.

23.     During this period, for workdays Monday through Saturday, Plaintiff customarily arrived at Defendants' job location (which was often 1-2 hours away) at about 7:00 PM and concluded his daily work duties at about 7:00 PM.  On Sundays, Plaintiff customarily arrived at Defendants' job location at about 8:00 AM and concluded at about 7:00 PM.

24.     For the period of about Mid-October 2021, until the conclusion of Plaintiff's employment on about February 4, 2022, Plaintiff customarily worked six (6) days per week (Monday through Saturday) from about 7:30/8:00 AM until about 5:00/5:30 PM.

25.     Each workday, Defendants provided Plaintiff with a one (1) hour meal period.

26.     During the entire period of Plaintiff's employment, Plaintiff (and the rest of the work crew) arrived at Defendants' work location approximately one (1) hour prior to the time Defendants commenced paying Plaintiff (and the others).  Notwithstanding Defendants' failure to pay Plaintiff (and others) for this first hour on the job, Plaintiff (and others) performed compensable job duties for the benefit of Defendants during this first hour, without receiving any compensation.

27.     During the period of Plaintiff's employment, Plaintiff (and others) traveled to and from Defendants' work locations in a company vehicle that was loaded with tools and materials.

4

28.     Approximately five (5) times per month (because turns were taken by employees), Plaintiff was required to retrieve the company vehicle at Defendants' office, pick up the members of the crew, drive to the work location and then, at the conclusion of the shift, return the crew members home, and return the company vehicle to Defendants' office.  This work duty resulted in about two (2) to four (4) hours per instance of compensable time worked by Plaintiff for the benefit of Defendants, for which Defendants paid Plaintiff no wages at all.

29.     During the entire period relevant to this action, Defendants had knowledge of all hours Plaintiff worked and suffered or permitted Plaintiff to work all hours herein alleged.

30.     For the hours Defendants did pay Plaintiff, Defendants paid Plaintiff at the rate of $21.00 per hour and did not pay Plaintiff at the time-and-one-half rate for all overtime Plaintiff worked over forty (40) hours per week.

31.     Defendants violated the FLSA and Maryland law by failing to pay Plaintiff at the time-and-one-half rate required as compensation for all overtime Plaintiff worked over forty (40) hours per week.

32.     Finally, without legal excuse or justification, Defendants failed and refused to pay Plaintiff his earned wages for his final two (2) weeks of work, in the approximate amount of about $2,250.00.

33.     Defendants owe Plaintiff unpaid wages in the amount of about Thirty Thousand Dollars ($30,000.00).

34.     Defendants' failure to pay Plaintiff wages as required by the FLSA and the State of Maryland was willful, not the product of good faith, and did not arise from a bona fide dispute between Plaintiff and Defendants.

## CAUSES OF ACTION

### COUNT I
**(Violation of the FLSA 1.5x Overtime Mandate)**

35.     Plaintiff re-alleges every allegation set forth above as if each were set forth herein.

36.     While in Defendants' employ, Plaintiff performed work duties for the benefit of Defendants, for which Defendants failed to compensate Plaintiff at the time-and-one-half rate required by the FLSA for overtime Plaintiff worked over forty (40) hours per week.

37.     Defendants' failure to pay Plaintiff wages at the time-and-one-half overtime wage rate as required by the FLSA was with actual knowledge of illegality and was therefore willful and intentional and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally to Plaintiff for unpaid wages in the amount of $30,000.00 or such other amount as is proven at trial, plus an equal amount as liquidated damages, plus interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT II
**(Violation of Maryland Wage and Hour Law)**

38.     Plaintiff re-alleges every allegation set forth above as if each were set forth herein.

39.     While in Defendants' employ, Plaintiff performed work duties for the benefit of Defendants, for which Defendants failed to compensate Plaintiff at the time-and-one-half rate required by Maryland law for overtime Plaintiff worked over forty (40) hours per week.

40.    Defendants' failure to pay Plaintiff wages at the time-and-one-half overtime wage rate as required by Maryland law was with actual knowledge of illegality and was therefore willful and intentional and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally to Plaintiff for unpaid wages in the amount of $30,000.00 or such other amount as is proven at trial, plus an equal amount as liquidated damages, plus interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### (Violation of the Maryland Wage Payment and Wage Collection Law)

41.    Plaintiff re-alleges and reasserts every allegation set forth above as if each were set forth herein.

42.    Without legal excuse or justification, Defendants withheld and failed to pay Plaintiff all earned wages due for work duties performed for Defendants' benefit as described above and as required by the laws of the State of Maryland.

43.    Defendants' failure to fully and timely pay Plaintiff all earned wages due for work performed for Defendants' benefit was with actual knowledge of illegality and was therefore willful and intentional, was not the result of any *bona fide* dispute between Plaintiff and Defendants and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff for unpaid wages in the amount of $30,000.00 or such other amount as is proven at trial, plus two times (2x) times the amount of unpaid wages as additional damages (a total of trebled (3x) damages amount of $90,000.00 ($30,000.00 * 3 = $90,000.00), interest (both pre- and post-judgment), attorney's fees, costs, and any other further relief this Court appropriate.

Respectfully submitted,


_/s/ Gregg C. Greenberg_____
Gregg C. Greenberg, Bar No. 17291
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone: 301-587-9373
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiff*